## 17490.  PIERCE v. THE STATE.

BROYLES, C. J.  The sole assignment of error in the bill of exceptions in this case is upon the overruling of a motion in arrest of judgment. That motion was specified and sent up as part of the record. An inspection of the motion discloses that its only ground was based upon the alleged disqualification of the solicitor-general pro tem. to act in the case; and the bill of exceptions recites that this ground was expressly abandoned upon the hearing of the motion. Counsel for the plaintiff in error argues in his brief another ground why the motion should have been granted, but no such ground is contained in the motion in arrest of judgment as transmitted to this court. It follows that the judgment of the trial court denying the motion must be and is

*Affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 4, 1926.

Burglary; from Floyd superior court—Judge Maddox. May 18, 1926.

*M. B. Eubanks,* for plaintiff in error.

Criminal Law, 17 C. J. p. 203, n. 93.

## 17496.  WYNNE v. THE STATE.

LUKE, J.  1. The single ground of the amendment to the motion for a new trial complains of the admission of certain documentary evidence. The ground, however, does not set forth the evidence either literally or in substance, nor is such evidence attached as an exhibit to the ground. It follows, under repeated rulings of this court and of the Supreme Court, that the ground is too defective to be considered by this court.

2. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED AUGUST 4, 1926.

Arson; from Wilcox superior court—Judge Crum. May 18, 1926.

*H. E. Coates, Hal Lawson,* for plaintiff in error.

*J. B. Wall, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 1180, n. 74; 17 C. J. p. 89, n. 65.